[File No. 5977.]

STATE OF NORTH DAKOTA, for Itself and on Behalf of All Creditors of Defendant Bank, Respondent, v. FARMERS BANK IN LEONARD, a State Banking Corporation, Appellant.

(238 N. W. 122.)

428

Opinion filed September 22, 1931.

*Lashkowitz & Smith,* for petitioners.
*Richardson, Thorp & Watlam,* for respondents.

BURKE, J.   This is an application under ¶ 4, § 5, and § 18, chapter 99, Session Laws 1927, for a review of the decision of Honorable M. J. Englert, district judge designated by this court to hear the application of certain deposit creditors of the Farmers Bank in Leonard, North Dakota, for a transfer of the assets of said bank from L. R. Baird, receiver, to a committee elected by the depositors to liquidate the affairs of said bank.   It appears from the record that the said bank went into the hands of receiver L. R. Baird on the 25th day of June, 1930.   Certain depositors thereafter organized under chapter 99 of the Session Laws of 1927 for the purpose of liquidating said bank.   A plan of liquidation and articles of agreement for the purpose of liquidating the affairs of said bank were duly approved by the state examiner.   A liquidating committee was elected to proceed with the liquidation of said bank and the district court was petitioned for an order approving the said plan and directing the receiver to turn over all of the assets of the bank to the liquidating committee.   An order to show cause was duly served upon the receiver who appeared on the return day and in his return states: that the amount on deposit of

deposit creditors in said bank is $96,632.64 and the amount of the deposits signed up for individual receivers is $81,248.67. He presents to the court a petition delivered to him by the state examiner and signed by depositors representing $8,639.50, of said deposits, asking that their names be stricken from the petition or agreement for individual receivers; leaving the total of signed deposits at $72,609.17, which is less than 80 per cent of the total deposits of the bank. The district judge refused to consider the evidence of withdrawal and made findings of fact favorable to the petitioners. Objection is also made upon the further ground that the petitioners' exhibits show upon their face that there are approximately 150 signatures on said petition or agreement covering deposits aggregating $9,200 where parents have signed for their children, officers of various organizations for such organizations, and administrators and guardians have signed for their wards. Under § 22 of chapter 99, Session Laws of 1927, the act must receive a liberal construction to accomplish the purpose of liquidation, but at the same time the court should be satisfied that those who signed the petition in a representative capacity had authority to bind the parties whom they represented. The names of many of the depositors are signed by their fathers or mothers and under § 4516 of the Compiled Laws of 1913 "The shares of stock of an estate of a minor or insane person may at all elections and meetings of a corporation be represented by his guardian." This means a guardian appointed by law. He is the only party who can bind a minor and he cannot do it without an order of the county court. The fact that a signer is treasurer of some institution and the deposit is in his name as treasurer does not authorize him to agree to the liquidation of the bank unless he is authorized by the directors of the institution he represents. In this case over $9,000 of the deposits are so represented on the petition or agreement to liquidate and at the election.

It appears from the testimony of John Rhodes, who had much to do with the organization and the circulation of petitions and who was elected as a member of the liquidating committee, that no effort was made to ascertain the authority of those signing in a representative capacity. For instance, he testifies: "Now in a number of cases that deposit was made back some time, I don't know how long, and new officers had been elected. Well, now, people didn't know just what

to do. I told them this account appeared to be in such and such a name; and I don't think that applied to Zion Church, but I know it did in some, and I told them I thought the proper person to sign was the one that the account seemed to be in their name." If that amount is deducted from the amount of the deposits represented by the petitioners, it will reduce the amount to less than the 80 per cent required. by law, and hence the petition should not have been approved by the district court.

Under ¶ 3, § 21, chapter 99 of the Session Laws of 1927, the court shall advise itself fully in regard to the status of the receivership, the feasibility of the proposed plan, the competency of the liquidating committee to act in the proposed capacity. The court has power to prescribe terms upon which the affairs of the bank will be transferred to the liquidating committee and it may permit the applicants, with the consent of the state examiner, to modify or amend the proposed plan. If no good reason is made to appear why the application as originally made or amended should not be granted, the court must make its order appointing the members of said committee as joint receivers and order the assets of the bank transferred to such joint receivers. If any of the provisions of the statute have not been complied with, that is a good reason for denying the application. Section 21, supra, requires the signatures of depositors representing 80 per cent of the deposits of the bank to a written agreement to liquidate, but this is not binding until it is approved by the court. If the approval of the court is necessary to make the agreement effective, it follows that there is no binding agreement on any of the depositors until it is approved and depositors may withdraw their names at any time before such approval, and if the withdrawal leaves less than 80 per cent of the deposits represented on the petition or agreement, the application should be denied.

The order of the court is reversed but without prejudice to further action on the part of depositors conformable to law.

CHRISTIANSON, Ch. J., and BIRDZELL, BURR and NUESSLE, JJ., concur.